IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RANDOLPH RAY SAENZ                                                                            PLAINTIFF

v.                            Civil No. 10-5172

SHERIFF TIM HELDER; JAIL
ADMINISTRATOR RANDALL
DENZER; DR. HOWARD; NURSE
RHONDA BRADLEY; NURSE
ZENOBIA DAVISON; and
NURSE RHONDA MESCHEDE                                                                      DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

Defendants have filed a motion for judgment on the pleadings (Doc. 27) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed a response to the motion (Doc. 30) and the motion is now ready for decision.

**1. Background**

When he filed this case, Plaintiff was incarcerated in the Washington County Detention Center (WCDC) in Fayetteville, Arkansas. Plaintiff is now an inmate of the Arkansas Department of Correction, Pine Bluff Unit, located in Pine Bluff, Arkansas.

In 2004, Plaintiff broke both his heels and his feet requiring reconstructive surgery and resulting in him having a rod, pins, and screws in both his feet. He indicates his "right foot" is shorter than his left. Plaintiff also states he was diagnosed as being bi-polar by personnel at the Ozark Guidance Center.

-1-

AO72A
(Rev. 8/82)

Plaintiff was arrested and placed in the WCDC on February 15, 2010. Plaintiff alleges the WCDC was overcrowded. Plaintiff states he had been on Nortriptyline and was having a hard time getting anyone to pay for his mediation. Plaintiff maintains the shower shoes provided at the WCDC cause his foot pain to increase. He alleges that he suffered every day with every step he made.

Plaintiff originally named just the WCDC as a Defendant. The Court substituted Sheriff Tim Helder and Jail Administrator Randall Denzer as Defendants (Doc. 5). When they responded to the complaint, these Defendants were directed to identify the medical personnel who had treated, or refused to treat, Plaintiff (Doc. 5). Defendants identified these individuals as Dr. Howard, Nurse Rhonda Bradley, Nurse Zenobia Davison, and Nurse Rhonda Meschede (Doc. 11 pg. 1 ¶ 3). The medical personnel identified were added as Defendants and served (Doc. 14).

## 2. Applicable Standard

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*,

AO72A
(Rev. 8/82)

588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Defendants maintain they are entitled to judgment as a matter of law because only official capacity claims have been asserted against them. Furthermore, they maintain the Plaintiff has not alleged that any policy, custom, or practice of the WCDC caused, or was the moving force behind, any alleged constitutional violations.

In his response to the motion, Plaintiff indicates he in fact intends to sue the Defendants in both their individual and official capacities (Doc. 30 at pg. 1). He maintains each Defendant showed deliberated indifference to his serious medical needs and his safety. With respect to the policies and procedures of the WCDC, Plaintiff asks that he be allowed to obtain necessary information through discovery.

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the

-3-

Defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Under § 1983, a Defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a Defendant in both his individual and his official capacities. In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S. Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S. Ct. at 362.

*Gorman*, 152 F.3d at 914.

In this case, while the complaint does not indicate the capacity each Defendant is being sued in, Plaintiff indicates it is his intent to sue all Defendants in both capacities. Plaintiff's complaint should therefore be construed as asserting both types of claims.

### 4. Conclusion

For the reasons stated, I recommend that the motion for judgment on the pleadings (Doc. 28) be denied. I further recommend that Plaintiff be directed to file an amended complaint

AO72A
(Rev. 8/82)

specifying the capacity in which he or she is being sued and how each Defendant is alleged to have violated Plaintiff's constitutional rights.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of October 2011.

/s/ *J. Marschewski*
　HON. JAMES R. MARSCHEWSKI
　CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)