```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                     FAYETTEVILLE DIVISION
```

RANDOLPH RAY SAENZ                                              PLAINTIFF

        v.                    Civil No. 10-5172

SHERIFF TIM HELDER; JAIL
ADMINISTRATOR RANDALL
DENZER; DR. HOWARD; NURSE
RHONDA BRADLEY; NURSE
ZENOBIA DAVISON; and
NURSE RHONDA MESCHEDE                                           DEFENDANTS

## ORDER

Now on this 21st day of November, 2011, comes on for consideration the **Report And Recommendation Of The Magistrate Judge** (document #33)(the "R&R"), to which there are no objections.

The Court, being well and sufficiently advised, finds and orders as follows:

1.  Plaintiff, who is proceeding *pro se*, filed this civil rights action under 42 U.S.C. 1983.

2.  In his complaint, plaintiff alleges that, while incarcerated at the Washington County Detention Center ("WCDC"), he was subjected to overcrowded conditions and was provided shower shoes which, due to a pre-existing condition, caused increased foot pain. The plaintiff also alleges that he has been on Nortriptyline and was having a hard time getting anyone to pay for his medication.

The plaintiff originally named just the WCDC as a defendant. The Court substituted Sheriff Tim Helder and Jail Administrator Randall Denzer as defendants. When they responded to the complaint, these defendants were directed to identify the medical personnel who had treated, or refused to treat, plaintiff. Defendants identified these individuals as Dr. Howard, Nurse Rhonda Bradley, Nurse Zenobia

Davison, and Nurse Rhonda Meschede. The medical personnel were added as defendants and served.

    3. The defendants have filed a motion for judgment on the pleadings, maintaining they are entitled to judgment because only official capacity claims have been asserted against them. The defendants further allege that plaintiff has not asserted that any policy, custom, or practice of the WCDC caused, or was the moving force behind, any alleged constitutional violations.

    In plaintiff's response to the motion, he indicates that he in fact intends to sue the defendants in both their individual *and* official capacities. He maintains each defendant showed deliberate indifference to his serious medical needs and his safety. With respect to the policies and procedures of the WCDC, plaintiff asks that he be allowed to obtain necessary information through discovery.

    4. Section § 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities.

    Claims against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." <u>Hafer v. Melo</u>, 502 U.S. 21, 24 (1991)(internal citations omitted). In official-capacity suits, the plaintiff must show that the entity's "policy or custom"

played a part in the violation of federal law.  Id.  Individual capacity claims "seek to impose individual liability upon a government officer for actions taken under color of state law."  Id.

    5.   Here, the complaint does not indicate the capacity in which each defendant is being sued.  However, the plaintiff, in response to the instant motion, indicates it is his intent to sue all defendants in both capacities.  The R&R recommends that the complaint should be so construed, and recommends denying the instant motion and directing the plaintiff to file an amended complaint.

    6.   However, the Court instead finds and orders that the plaintiff is given twenty (20) days to file an amended complaint, specifying the capacity in which he is suing each defendant, and in light of the R&R and this Order, fleshing out his official capacity claims if he so chooses.

    7.  The Court declines to permit plaintiff discovery "to obtain necessary information" on which to base some allegation that there exists some policy, custom or practice by the WCDC which caused the alleged constitutional violations.  Without more than now appears, to permit such would be nothing more than granting a license for a fishing expedition.

    **IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** (document #33) is **adopted in part, and taken under advisement in part.**

    **IT IS FURTHER ORDERED** that the motion for judgment on the pleadings (document #27) is **taken under advisement.**

    **FINALLY, IT IS ORDERED** that, **within twenty (20) days,** plaintiff

is directed to file an amended complaint specifying the capacity in which each defendant is being sued and how each defendant is alleged to have violated plaintiff's constitutional rights.

    **IT IS SO ORDERED.**

                                              /s/ Jimm Larry Hendren  
                                          JIMM LARRY HENDREN  
                                          UNITED STATES DISTRICT JUDGE