IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RANDOLPH RAY SAENZ                                                                                    PLAINTIFF

V.                                               No.  10-5172

SHERIFF TIM HELDER,
JAIL ADMINISTRATOR RANDALL DENZER,
DR. HOWARD; NURSE RHONDA BRADLEY;
NURSE ZENOBIA DAVISON; and
NURSE RHONDA MESCHEDE                                                                      DEFENDANT

SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the Motion for Judgment on the Pleadings (ECF No. 27) filed by the Defendants claiming the Plaintiff's complaints should be dismissed because the Plaintiff had only sued the Defendants in their official capacity.

I. Background:

A Report and Recommendation (ECF No. 33) was filed on October 10, 2011 recommending that the Motion be Denied and the Plaintiff be given addition time to plead.  The Court entered an Order (ECF No. 38) on November 21, 2011 adopting in part the Report and Recommendation.  By the court's order it allowed the Plaintiff to file an Amended Complaint within 20 days designating if the parties were being sued in their Official Capacity, Individually, or Both and took under advisement the ruling on the Motion.

On December 14, 2011 the Plaintiff filed an Amended Complaint (ECF No. 39) against the above named Defendants in their "individual and/or official capacity".  The Defendants filed their Answer (ECF No. 40) on the same day.

**II. Discussion:**

In light of the Amended Complaint filed by the Plaintiff and the Answer filed by the Defendants the Motion for Judgment on the Pleadings (ECF No. 27) is MOOT.

**III  Conclusion:**

Based upon the forgoing I recommend that the instant Motion for Judgment on the Pleadings (ECF No. 27) be **DENIED.**

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this March 2, 2012

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE  JUDGE